## ROBERT C. SALLEE

*v.*

## WARREN M. FALES.

COMMON COUNTS—*right to recover under.* The defendant, as township treasurer, at the expiration of his office, settled with the trustees of schools and agreed upon the sum in his hands. He then assigned a promissory note held by him to the plaintiff, who was his successor, agreeing with the trustees that he would pay it, if the maker did not. In default of payment, suit was brought and a recovery had of the amount due the trustees. The special count not being sustained by the proof, it was urged that the judgment could be sustained under the common counts: *Held*, that the plaintiff could not maintain the action under the common counts; *aliter* if the suit had been in the name of the trustees.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Messrs. STEVENSON & EWING, for the appellant.

Messrs. WILLIAMS & BURR, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

Sallee was township treasurer, and Fales was his successor in office. Sallee met the trustees and Fales, to settle. The amount due was agreed upon, and Sallee assigned to Fales a note on one Carpenter, agreeing that, if Carpenter did not pay it in a certain time, he would. Carpenter did not pay, and Fales brought this suit against Sallee, and recovered.

We regret to be obliged to reverse this judgment, but it can not be avoided. The declaration contains a special count declaring, under the statute, against Sallee as an assignor, and the common counts. The proof does not sustain that count and the instructions given in reference to it were faulty. The verdict, however, as is manifest from the computation of the interest, was rendered under the common

counts, and it is urged that it can be sustained under the account stated. It could be, if the trustees were plaintiffs. The note was evidently not taken in satisfaction of the debt due, but as a means of payment. Sallee was to pay, if the maker of the note did not. But the debt was due to the trustees, and the promise to pay, as testified by the plaintiff himself, was made to them. These parties had no accounts to adjust. The account was stated with the trustees, and the suit must be brought in their name.

The judgment is reversed and the cause remanded.

*Judgment reversed.*